**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELLIS LEE,**<br><br>                Plaintiff,<br><br>v.<br><br>**SAMITI TECHNOLOGY INC.,** and<br>**PARMI CHEEMA,** an individual,<br><br>                Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:21-cv-1032<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Ellis Lee worked as an Account Manager for Defendants' recruiting and placement agency for a little over six months. Though her pay was supposed to be a salary plus commission, her compensation was less than New York's minimum threshold for salaried workers to be deemed exempt ($1,125.00/week, which is $58,500/year). Thus, she was entitled to receive overtime pay for the hours over 40 she worked in a workweek, but did not. In addition, Defendants failed to even pay her the base wages and health insurance benefits they had they had promised to provide to her.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Samiti Technology Inc., and Parmi Cheema, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. Plaintiff further alleges that Defendants violated the anti-retaliation provisions of the FLSA and/or NYLL by terminating her in response to her complaints regarding her wage underpayments.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. In addition, or in the alternative, there is diversity jurisdiction in this case. Defendants are residents of New Jersey, Plaintiff is a resident of New York, and the amount in controversy exceeds $75,000 (unpaid/underpaid wages of approximately $13,000, liquidated damages of another approximately $13,000, attorney's fees already over $5,000 and growing, and retaliation damages that could exceed $50,000).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred in this district.

## PARTIES

**Defendant Samiti Technology Inc.**

8. Defendant **Samiti Technology Inc.** (hereinafter "Samiti") is a foreign corporation whose principal place of business is located at 2 Lincoln Hwy # 401, Edison, NJ 08820. Its DOS Process agent is listed with the NYS Department of State at the same address.

9. Samiti is a software development and consulting services company.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

10. At all relevant times, Defendant Samiti had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant Samiti was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all times material to this action, Defendant Samiti Technology Inc. was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Parmi Cheema**

13. Defendant Parmi Cheema, an individual, resides in New Jersey, upon information and belief.

14. Defendant Cheema is the President of Samiti.

15. Defendant Cheema has an ownership interest in and/or is a shareholder of Samiti.

16. Defendant Cheema is one of the ten largest shareholders of Samiti.

17. At all times material to this action, Defendant Cheema actively participated in the business of the corporation.

18. At all times material to this action, Defendant Cheema exercised substantial control over the functions of the company's employees including Plaintiff.

19. At all times material to this action, Defendant Cheema was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Ellis Lee**

20. Plaintiff Ellis Lee is a resident of Brooklyn, New York.

21. Plaintiff Ellis Lee worked for Samiti Technology Inc. as an Account Manager from February 12, 2020 August 26, 2020.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lee v. Samiti Technology Inc.*
USDC, Eastern District of New York

Complaint
Page 3

22. At all times material to this action, Plaintiff Lee was an "employee" within the meaning of 29 U.S.C. § 203(e).

23. Plaintiff was a "home based" employee, working from her home in Brooklyn.

24. As an Account Manager, Plaintiff's duties and responsibilities consisted of activities relating to recruiting candidates for the state business as well as assisting and training other recruiters.

25. Plaintiff's primary supervisors were Parmi Cheema and Taziana Baumann.

26. While in this position, pursuant to an offer letter she received and signed, Plaintiff Lee's compensation structure was such that she was to receive a salary in the amount of $57,000 (which is $1,096.15/week) per year, plus commissions.

27. Plaintiff never fully earned a commission during her employment with Samiti.

28. This amount is under New York's minimum threshold for salaried workers to be deemed exempt (i.e. $1,125.00/week, which is $58,500/year).

29. While working in this capacity, Plaintiff Lee was expected to record time worked by sending her time in via email.

30. Plaintiff Lee typically started work at 8:30 AM and stopped work at around 6:00 PM. Often she would clock out by 5:00 PM and continue to work because it did not make a difference in her pay. She usually worked 5 days per week.

31. She estimates that generally she worked approximately 55-60 hours per week.

32. Thus, Plaintiff Lee was not paid anything extra when she worked more than 40 hours in a workweek, or a span of 10 hours or more in a day.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# LEGAL CLAIMS

## As And For A First Cause of Action:
## FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure to Pay Overtime*

34. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Record-Keeping Failures*

35. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based on Good Faith & Entitlement to Damages*

36. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

37. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

38. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

39. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure to Pay Wages & Benefits*

41. Defendants failed to compensate Plaintiff in accordance with the pay rates they had promised to pay her, in violation of NYLL § 663 and/or § 193.

42. Defendants paid their employees twice a month, so Plaintiff should have been receiving $2,375 each bimonthly pay period ($57,000 divided by 24 bimonthly pay periods).

43. Instead, she was paid varying gross amounts less than this (e.g. $1,214.49, $1,403.41, etc).

44. In addition, as part as her offer letter, Defendants promised to pay for Plaintiff's health insurance (up to $300 a month). Defendants never provided her with this insurance. They therefore owe her for the equivalent of the health insurance benefits she should have been provided for the approximately 6 months she was with the company.

### *Failure to Pay Overtime*

45. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her regular rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

46. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Record-Keeping Failures*

47. At all relevant times, Defendant Samiti Technology Inc. failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

48. At all relevant times, Defendant Samiti Technology Inc. failed to establish, maintain, and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

49. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

50. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### FLSA – RETALIATION

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

52. Plaintiff inquired or complained in writing about how she was being paid to her superior.

53. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

in activity protected under the FLSA.

54. Shortly thereafter, Defendants terminated Plaintiff's employment.

55. Plaintiff's termination from employment was an adverse employment action.

56. Plaintiff's termination from employment was causally connected to her inquiries regarding the propriety of how Defendants were paying her.

57. Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

58. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A First Cause of Action:
### NYLL – RETALIATION

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

60. As alleged above, Plaintiff inquired or complained about not receiving overtime pay and not being paid for all hours worked to her superior.

61. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under NYLL § 215(2).

62. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

63. As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lee v. Samiti Technology Inc.*
USDC, Eastern District of New York

Complaint
Page 8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142.

(E) Award Plaintiff appropriate damages for the retaliatory acts taken against through her, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Lee v. Samiti Technology Inc.*
USDC, Eastern District of New York

Complaint
Page 9

Respectfully submitted, this **25th** day of **February, 2021.**

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson (PD2244)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Lee v. Samiti Technology Inc.*
USDC, Eastern District of New York

Complaint
Page 10